# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATWATER RETIREMENT VILLAGE, LLC, d/b/a CASTLE VISTA SENIORS COMMUNITY<br><br>  Plaintiff,<br><br>  v.<br><br>MITCH DATIG,<br><br>  Defendant. | Case No. 1:24-cv-00319-KES-SAB<br><br>ORDER *SUA SPONTE* REMANDING ACTION TO MERCED COUNTY SUPERIOR COURT<br><br>(Doc. 1.) |

This is an unlawful detainer action brought under California state law by Plaintiff Atwater Retirement Village, LLC ("Plaintiff"), against defendant Mitch Datig ("Defendant"). On March 15, 2024, pro se Defendant removed this case to this Court from the Merced County Superior Court. (Doc. 1.) Defendant asserts that the basis for removal is the presence of federal question jurisdiction, because Defendant is a bona fide tenant under the Protecting Tenants at Foreclosure Act ("PTFA"). (*Id.* at ¶ 3.) Defendant argues that Plaintiff intentionally failed to allege compliance with the PTFA and filed this action as an "artful pleading" in state court in order to avoid the federal statute. (*Id.* at ¶¶ 7–8.) After reviewing the record and the papers, the Court, *sua sponte*, ORDERS remand to the Merced County Superior Court.[1]

---

[1] Defendant also filed a motion to proceed *in forma pauperis*. (Doc. 2.) Because the Court orders this case to be

1

A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). The removal statute, 28 U.S.C. § 1441, is strictly construed against removal jurisdiction. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). It is presumed that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). "The strong presumption against removal jurisdiction" means that "the court resolves all ambiguity in favor of remand to state court." *Hunter*, 582 F.3d at 1042; *Gaus v. Miles, Inc.*, 980 F.2d. 564, 566 (9th Cir. 1992). That is, federal question jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Gaus*, 980 F.3d at 566. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 932 (9th Cir. 2001). Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary." *Bruns. v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997). Where it appears, as it does here, that the district court lacks subject matter jurisdiction over a removed case, "the case shall be remanded." 28 U.S.C. § 1447(c).

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Cal. ex. rel. Sacramento Metro. Air Quality Mgmt. Dist. v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000); *Cal. ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004); *see also Duncan*, 76 F.3d at 1485. Under the well-pleaded complaint rule, courts look to what "necessarily appears in the plaintiff's statement of his [or her] own claim in the bill or declaration, unaided by anything in anticipation of avoidance of defenses which it is thought the defendant may interpose." *Sacramento Metro. Air Quality Mgmt. Dist.*, 215 F.3d at 1014.

---

remanded to the Merced County Superior Court, Defendant's motion is denied as moot.

Accordingly, "a case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987); *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002); *see also Vaden v. Discover Bank*, 556 U.S. 49, 70 (2009) ("It does not suffice to show that a federal question lurks somewhere inside the parties' controversy, or that a defense or counterclaim would arise under federal law."). "[T]he existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." *ARCO Env't Remediation, LLC v. Dep't of Health & Env't Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000).

Defendant has not shown that removal of this action to this federal court is appropriate. Plaintiff's complaint is a straightforward unlawful detainer action arising under California's Code of Civil Procedure § 1946.2, part of the Tenant Protection Act of 2019. (Doc. 1 at 11.) Despite Defendant's assertion that Plaintiff was required to state a cause of action under the PTFA, (Doc. 1 at 4–7), Plaintiff is the "master of [the] complaint" and "may generally avoid federal jurisdiction by pleading solely state-law claims." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005). The cause of action brought by Plaintiff here is clearly based on state law.

Even assuming without deciding that Defendant correctly avers the PTFA preempts Plaintiff's state law claim, (*see* Doc. 1 at ¶ 6), this would still be insufficient to establish federal question jurisdiction. *See St. Regis Props., LLC v. Scott*, No. 18-cv-02616-JSC, 2018 WL 4377807, at *2 (N.D. Cal. May 18, 2018) ("[T]he PTFA does not completely preempt Plaintiff's California unlawful detainer claim such that removal would be proper."), *report and recommendation adopted*, No. 18-cv-02616-EMC, 2018 WL 4377798 (N.D. Cal. June 8, 2018)). Generally, "a case may *not* be removed to federal court on the basis of a federal defense, including the defense of preemption." *Caterpillar*, 482 U.S. at 393. "Preemption gives rise to federal question jurisdiction only when an area of state law has been *completely* preempted by federal law." *St. Regis*, 2018 WL 4377807, at *2 (italics added). Finally, to the extent that Defendant relies on the PTFA as a defense against Plaintiff's state law claim, this does not suffice to confer jurisdiction on this court because the defensive invocation of federal law cannot form

the basis of this court's jurisdiction.  *See Caterpillar*, 482 U.S. at 393; *Wayne*, 294 F.3d at 1183; *Sacramento Metro. Air Quality Mgmt. Dist.*, 215 F.3d at 1014.

Because there is no federal question appearing in Plaintiff's complaint in this case, Defendant has failed to properly invoke this court's jurisdiction.  Remand to the Merced County Superior Court is therefore appropriate and mandatory.  28 U.S.C. § 1447(c); *Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *3 (C.D. Cal. Nov. 22, 2010) (remanding an unlawful detainer action to state court where the defendant sought to invoke the PTFA to establish federal question jurisdiction).

## CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. This action is **REMANDED** to the Merced County Superior Court, pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction;
2. Defendant's motion to proceed *in forma pauperis* is denied as **MOOT**; and
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   March 18, 2024

_____
UNITED STATES DISTRICT JUDGE